# NO. 12-22-00085-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIRANDA WEST,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *CRIMINAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *JEFFERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Miranda West appeals her conviction for aggravated assault. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault by intentionally, knowingly, and recklessly causing bodily injury to a person by the use of a deadly weapon, namely, a knife, that in the manner of its use and intended use was capable of causing serious bodily injury and death, by stabbing that person with a knife, a second degree felony.[1] Appellant pleaded "guilty" to the charged offense. Appellant and her counsel signed various documents in connection with her guilty plea, including (1) an agreed punishment recommendation that stated Appellant's punishment would not exceed a cap of seven years of imprisonment, and (2) a document entitled "Written Plea Admonishments" which included a "Stipulation, Waivers & Judicial Admission" in which Appellant stipulated, and judicially confessed, that each and every

---

[1] TEX. PENAL CODE ANN. § 22.02 (a) (2), (b) (West Supp. 2022).

allegation contained in the indictment was true and correct and constituted the evidence in the case. At the hearing, Appellant pleaded "guilty" to the charged offense. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for ten years.

Later, the State filed a motion to revoke deferred adjudication community supervision, alleging that Appellant violated the terms of her community supervision including the allegations in paragraphs (1) failing to report to the community supervision and corrections department for the months of June, July, August, and September 2021, and (4) a urine sample provided by Appellant on June 2021 tested positive for cocaine. At the hearing on the State's motion to revoke, Appellant pleaded "true" to the allegations in paragraphs (1) and (4) of the State's motion. After the hearing, the trial court found all the allegations contained in paragraphs (1) and (4) of the State's motion to be "true," granted the State's motion, revoked Appellant's community supervision, adjudged Appellant "guilty" of aggravated assault, and assessed her punishment at seven years of imprisonment.[2] The trial court also found that Appellant used a deadly weapon, namely, a knife, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3]

---

[2] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.33 (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response,

Appellant filed a pro se response, stating that she believed she was unjustly sentenced to the full "cap" of seven years when her community supervision violations were "only [two], a dirty [urinary analysis] and one no show." Further, she alleged that her court appointed counsel told her that she would be agreeing to "one thing and it turned out to be another." We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

### CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See **In re Schulman***, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n. 22.

Opinion delivered November 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

### (DO NOT PUBLISH)

and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00085-CR**

**MIRANDA WEST,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the Criminal District Court

of Jefferson County, Texas (Tr.Ct.No. 20-33811)

_____

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*